**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

Steven J. Gross, Esq. (SBN 023921)
sgross@cavanaghlaw.com
Parker C. Bunch, Esq. (SBN 034126)
pbunch@cavanaghlaw.com
Fax: (602) 322-4100

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Hallmark Insurance Company of Texas,<br><br>        Plaintiff,<br><br>vs.<br><br>Rawlings Specialty Contracting, LLC; Daniel G. Rawlings and Lacey L. Rawlings, husband and wife; Arrowhead Environmental Specialties, LLC; Wagon Wheel Trucking & Rolloffs, LLC; Lauren N. Johnston, individually and as Statutory Beneficiary for the class of wrongful death beneficiaries of Austin Rawlings, Decedent,<br><br>        Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff American Hallmark Insurance Company of Texas ("Hallmark") brings this Complaint for Declaratory Judgment against the Defendants pursuant to the Federal Declaratory Judgment Act and alleges as follows:

**PARTIES AND JURISDICTION**

1.     Hallmark is a Texas insurance company with its principal place of business in Texas and is authorized to sell insurance in the State of Arizona.

2. Rawlings Specialty Contracting, LLC ("Rawlings Specialty Contracting") is an Arizona limited liability company with its principal place of business in Navajo County, Arizona.

3. Rawlings Specialty Contracting allegedly caused events to occur in Gila County, Arizona out of which this action arises.

4. Daniel and Lacey Rawlings, individually, and as husband and wife, caused event to occur in Gila County out of which this action arises.

5. Arrowhead Environmental Specialties, LLC ("Arrowhead Environmental") is an Arizona limited liability Company with its principal place of business in Navajo County, Arizona.

6. Arrowhead Environmental Specialties allegedly caused events to occur in Gila County, Arizona out of which this action arises.

7. Wagon Wheel Trucking & Rolloffs, LLC ("Wagon Wheel Trucking") is an Arizona limited liability company with its principal place of business in Navajo County, Arizona.

8. Wagon Wheel Trucking allegedly caused events to occur in Gila County, Arizona out of which this action arises.

9. Laruen N. Johnston ("Johnston"), individually, and as the Statutory Beneficiary for the class of wrongful beneficiaries of Austin Rawlings, Decedent, is believed to be a resident of Navajo County, Arizona.

10. The amount is controversy exceeds the minimum jurisdiction of the Court and venue in this Court is proper.

11. The Parties are diverse pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

12. The action is brought pursuant to the Federal Declaratory Judgment Act 28 U.S. §§ 2201 *et seq*.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Hallmark incorporates by reference each and every allegation contained in the preceding paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Hallmark issued Rawlings Specialty Contracting and Wagon Wheel Trucking commercial package policy, policy no. 44-CL-000611415-00/000 with an effective coverage period of February 22, 2019 to February, 22, 2020 (the "Primary Policy")(attached hereto as **Exhibit 1**). Coverage under the Primary Policy is subject to its terms, conditions, exclusions, and definitions.

15. Hallmark issued Rawlings Specialty Contracting and Wagon Wheel Trucking commercial umbrella liability policy, policy no. 44-CL-000611415-00/000 with an effective coverage period of February 22, 2019 to February 22, 2020 (the "Umbrella Policy")(attached hereto as **Exhibit 1**). Coverage under the Umbrella Policy is subject to its terms, conditions, exclusions, and definitions.

16. The Primary Policy provides a single $1 million per accident limit and the Umbrella Policy provides a single $ 1 million per incident limit subject to all applicable provisions, restrictions, exclusions and limitations. Coverage B under the Umbrella Policy is subject to a $10,000 deductible.

17. On or about November 26, 2021, Plaintiff, Lauren Johnston, individually, and as statutory beneficiary for the survivors (collectively "Johnston") of Austin Rawlings, Decedent, filed a complaint titled *Johnston et al*. v. *Rawlings et al*, CV2021-018185, Maricopa County Superior Court (the "Underlying Complaint")(attached hereto as Exhibit 2).

18. The Underlying Complaint arises from the death of Austin Rawlings ("Decedent") which occurred on or about November 29, 2019.

19. The Underlying Complaint alleges, in part, the Defendants in the Underlying Complaint were negligent and/or are vicariously liable for the negligence of certain Defendants.

20. The Underlying Complaint further alleges that Defendants Daniel and Lacey Rawlings were operating with the scope of their respective duties for Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs in the Underlying Complaint.

21. The Underlying Complaint further alleges that Defendant Daniel Rawlings was operating a vehicle owned by Rawlings Specialty Contracting.

22. At the time of the loss, Daniel Rawlings was operating a 2003 STST TK 18090 VIN #EFHN military style transport vehicle (the "Military Truck").  Military Truck was purchased and owned by William Rawlings on or about March 13, 2017.

23. Hallmark is currently providing a defense of the Underlying Complaint to Daniel and Lacey Rawlings subject to a full reservation of rights.

24. Hallmark is currently providing a defense of the Underlying Complaint to Rawlings Specialty, Wagon Wheel, and Arrowhead subject to a full reservation of rights.

## INSURANCE POLICIES

25. Hallmark incorporates by reference each and every allegation contained in the preceding paragraphs 1-24 of this Complaint as if fully set forth herein.

26. The Primary and Umbrella Policies contains various coverage forms which include coverage commercial general liability coverage ("CGL Coverage") and Commercial Auto Coverage ("Auto Coverage").

27. Some of the relevant insuring agreements, Policy endorsements, exclusions and definitions provide:

    **SECTION II – LIABILITY COVERAGE**

        **A.**    **Coverage**

4

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage to which this insurance applies caused by an accident and resulting from the ownership, maintenance or use of a covered "auto."
>
> **1.    Who Is An Insured**
>
> The following are "insureds":
>
> **a.**    You for any covered "auto".
>
> **b.**    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
>
>                    *      *      *
>
> **2.**    This insurance does not apply to :
>
> **g. Aircraft, Auto Or Watercraft**
>
> > "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owners or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

>This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring or others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

>\* \* \*

**SECTION I – COVERAGES**

**Coverage A – Excess Liability Coverage**

>1. **Insuring Agreement**
>
>>a. We will pay those sums, in excess of the amount payable under the terms of any "underlying insurance," that the insured become illegally obligated to pay as damages because of "injury" or damage to which this insurance applies, provided that the "underlying insurance" also applies, or would apply but for the exhaustion of its applicable limits of insurance. If, however, a Minimum Retention applies, as set forth in paragraph 3. Below, we will pay only those sums in excess of the Minimum Retention.
>
>>\* \* \*
>
>>e. This insurance is subject to the same terms, conditions, agreement, exclusions and definitions as the "underlying insurance," except:
>
>>\* \* \*
>
>2. **Exclusions – Coverage A**

6

> The exclusions applicable to the "underlying insurance" also apply to this insurance.
>
> \*     \*     \*
>
> **2.     Exclusions – Coverage B**
>
> This insurance does not apply to:
>
> **a.**     "Injury" that is the subject of the insurance policies shown in the Schedule of Underlying Insurance in the Declarations
>
> \*     \*     \*

**Section II – Who is An Insured – Coverage B**

> **1**.     If you are designated in the Declarations as:
>
> **c.**     An organization other than a partnership or join venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officer or directors. Your stockholders are also insureds, but only with respect to their liability as stockholder.
>
> \*     \*     \*
>
> **2.**     Each of the following is also an insured:
>
> **a.**     Your employees, other than your executive officers, but only for acts within the scope of their employment.
>
> \*     \*     \*

**EXCLUSION OF UNDERLYING POLICIES APPLICABLE**

This endorsement modifies insurance provided under the following:

> COMMERCIAL UMBRELLA LIABILITY POLICY

7

  **r.** This insurance does not apply to any "injury" excluded under the insurance shown in the Schedule of Underlying Insurance.

2. Owned "Autos" Only Only those "autos" you own (and for Liability Coverage any "trailers" you don't won while attached to power units you own). This includes those "auto" you acquire ownership of after the policy beings

**A.** **Coverage**

  **1.** We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the owner-ship, maintenance or use of the "uninsured motor vehicle."

**B.** **Who Is An Insured**

If the Named Insured is designated in the Declarations as:

  **2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insured."

    **a**. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

    \*  \*  \*

**D.** Limit Of Insurance

  1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorists Coverage shown in the Schedule or Declarations.

2.  No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form and any Liability Coverage Form, Medical Payments Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

    We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible, including all sums paid under the policy's Liability Coverage.

    We will not pay for any element of "loss" for which an "insured" is entitled to receive payment under any workers' compensation, disability benefits or similar law.

    \*   \*   \*

**A**. Coverage

1.  We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

    \*   \*   \*

**B**. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1.  An individual, then the following are "insureds":

    \*   \*   \*

2.  A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must

9

   be out of service because of its breakdown, repair, servicing, "loss" or destruction.

 b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

   \*  \*  \*

**D**. Limits of Insurance

 1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Insurance for Underinsured Motorists Coverage shown in the Schedule or Declarations.

 2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form and any Liability Coverage Form, Medical Payments Coverage Endorsement or Uninsured Motorists Coverage Endorsement attached to this Coverage Part.

 3. We will reduce the "insured's" total damages by any amount available to that "insured" , under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle", that such "insured" did not recover as a result of a settlement between that "insured" and the insurer of an "underinsured motor vehicle". However, any reduction of the "insured's" total damages will not reduce the limit of liability for this coverage.

   \*  \*  \*

**E**. Changes In Conditions

 3. Two Or More coverage Forms Or Policies Issued By Us Condition is replaced by the following:

 4. If this coverage form and any other coverage form or policy issued to the Named Insured by us or any company affiliated with us apply to the same "accident", only one coverage form or policy shall be applicable to the "accident". The Named Insured shall select the one coverage form or policy that will

> apply. This Condition does not apply to any coverage form or policy issued by us or any affiliated company which is excess insurance over this coverage form.

28. The above Policy provisions are only some of the relevant Policy provisions applicable to this case. Complete copies of the Primary and Umbrella Policies are incorporated herein by this reference at Exhibit 1 to the Complaint.

29. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs under the Policies.

30. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs under the Policies for any claim with respect to exemplary damages.

31. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs under the Policies to the extent the Military Trucking is not covered under the insuring clause and/or does not qualify as a "covered auto."

32. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs to the extent the operator of the Military Truck did not qualify as an "insured" under the Policies.

33. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs to the extent the auto exclusion contained in the CGL applies.

34. Hallmark has no duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel

Trucking & Rolloffs under the Umbrella Policy to the extent coverage does not exist or is excluded under the Primary Policy.

35. Hallmark has no duty to indemnify Johnston under the Underinsured Motorist ("UIM") or Uninsured motorist ("UM") subject to the UIM and UIM insuring clauses, the definition of an underinsured and uninsured auto and covered auto definition. Further, the Policies provide for an offset.

36. Hallmark reserves the right to assert other and additional basis for no duty to defend or indemnify as this matter progresses.

37. Hallmark's reservation of rights raised the above coverage defenses as well as other applicable terms, conditions and exclusions, and expressly reserved the right to have a court of law determine whether Hallmark has, or ever had, a duty to defend or indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs in connection with the Underlying Complaint.

**FIRST CLAIM FOR RELIEF**

**(DECLARATORY JUDGMENT – DUTY TO DEFEND)**

38. Hallmark incorporates by reference each and every allegation contained in the preceding paragraphs 1-37 of this Complaint as if fully set forth herein.

39. The Underlying Complaint does not allege claims or damages that are covered by the Policies; specifically, the loss did not involve a vehicle owned by Rawlings Construction, a quaffing insured, and was not being used in furtherance of its business.

40. Hallmark is entitled to a judicial declaration that it has no obligation under the Policies to defend Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs in connection with the Underlying Complaint or related claims.

41. Hallmark is entitled to a judicial declaration that it may withdraw from the defense of Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs.

42. Because this is an action arising out of contract, Hallmark is entitled to its attorney fees incurred herein as authorized by A.R.S. § 12-341.01.

## SECOND CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – INDEMNITY)

43. Hallmark incorporates by reference each and every allegation contained in the preceding paragraphs 1-42 of the Complaint as if fully set forth herein.

44. Alternatively, to the extent a duty to defend exists, there is no duty to indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs.

45. Hallmark is entitled to a judicial declaration that is has no obligation under the Policies to indemnify Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs for any portion of a judgment, settlement, or award that is not covered under the Polices.

46. Hallmark is entitled to a judicial declaration of the portion of any judgment, settlement, or award that may be covered by the Policies, if any.

47. Hallmark is also entitled to such other relief as the Court deems just and equitable, which may include an order requiring Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs to reimburse Hallmark for defense costs incurred in defending Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs against uncovered claims arising from the Underlying Complaint.

48. Because this is an action arising out of contract, Hallmark is entitled to its attorneys' fees incurred herein as authorized by A.R.S. § 12-341.01.

**PRAYER FOR RELIEF**

WHEREFORE, American Hallmark Insurance Company of Texas respectfully asks this Court to enter judgment against Defendants Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs as follows:

A. Declaring that the Policies do not provide coverage for any claims in the Underlying Compliant;

B. Declaring that Hallmark has no obligation to defend Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs against any claims in the Underlying Complaint, and that Hallmark may permissibly withdraw from the defense;

C. Alternatively, declaring that Hallmark has no duty to Daniel and Lacey Rawlings, Rawlings Specialty Contracting, Arrowhead Environmental Specialties, and Wagon Wheel Trucking & Rolloffs for any judgment or settlement, or any portion of any judgment or settlement, that is not covered under the Policies insuring clause or excluded or limited by policy exclusions, definitions, or endorsements thereto and specifically declare what portions of any judgment or settlement (if any) represent covered damages;

D. Awarding Hallmark its attorney fees incurred herein as authorized by A.R.S. § 12-341.01 and allowable costs; and

/ / /

/ / /

E. Awarding such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 3rd day of February, 2023.

            **THE CAVANAGH LAW FIRM, P.A.**

       By:  /s/ Steven J. Gross
          Steven J. Gross
          Parker C. Bunch
          1850 North Central Avenue, Suite 1900
          Phoenix, Arizona 85004
          Attorneys for Plaintiff